# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS H. L. BARFELL,

                Plaintiff,

v.

ARAMARK, WINNEBAGO COUNTY JAIL, TIM, GALE, JENNY, LT. LICHTENSTEIGER, SGT. MANTHEY, SGT. PARENT, SGT. DURANT, DEPUTY ARCHER, and CPI VERGUTZ,

                Defendants.

Case No. 17-CV-1567-WED-JPS

**ORDER**

Plaintiff Thomas H. L. Barfell, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that Defendants violated his civil rights. This case is currently assigned to Magistrate Judge William E. Duffin. Not all parties have had the opportunity to fully consent to magistrate judge jurisdiction under 28 U.S.C. § 636(c). Therefore, this matter is before this branch of the Court for the limited purpose of screening the amended complaint, (Docket #9), and resolving pending motions, (Docket #2, #11, #12).

**1.    Plaintiff's Motion to Proceed Without Prepayment of the Filing Fee**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was incarcerated when he filed his complaint. 28 U.S.C. § 1915. The law allows an incarcerated plaintiff to proceed with his lawsuit without prepaying the filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee.

*Id.* § 1915(b). Once plaintiff pays the initial partial filing fee, the Court may allow him to pay the balance of the $350 filing fee over time, through deductions from his prison trust account. *Id*.

On December 19, 2017, Magistrate Duffin waived the initial partial filing fee in this action because Plaintiff neither had the assets nor the means to pay it. (Docket #7). Magistrate Duffin ordered Plaintiff to notify the court by January 9, 2018 if he wanted to voluntarily dismiss the action to avoid the potential to incur a strike under Section 1915(g). Plaintiff did not voluntarily dismiss; therefore, the Court will grant his motion to proceed without prepayment of the filing fee and will screen his amended complaint.

2. **Screening the Amended Complaint**

   2.1 **Applicable Law**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as

intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The Court is obliged to give Plaintiff's *pro se* allegations,

"'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.2 Factual Allegations

Plaintiff is an inmate at the Winnebago County Jail ("WCJ"). Defendants are: Aramark, WCJ, Tim, Gale, Jenny, Lt. Lichtensteiger, Sgt. Manthey, Sgt. Parent, Sgt. Durrant, Deputy Archer, and CPI Vergutz. On September 21, 2017, Plaintiff asked Corporal Rasmussen, who is not named as a defendant, for a religious vegan diet. Rasmussen was on vacation at the time and Sgt. Parent "was put in charge" of such requests. (Docket #9 at 2). Parent did not approve Plaintiff's religious vegan diet request until five days later, on September 26, 2017.

Between September 2017 and January 2018, Plaintiff asked Manthey, Durrant, and Vergutz for inmate grievance forms to complain about the quality of the vegan food trays he received from the prison food service, Aramark. According to Plaintiff, Aramark sent the same exact food at every meal every day, they often sent food Plaintiff could not eat (milk, eggs, and meat), they once sent food mixed with "cleaning solution," and they occasionally sent expired food that had spoiled. Sometime in October 2017, Archer gave Plaintiff "rice crispies" off of one the "regular" trays, but Plaintiff cannot eat them because they contain milk and eggs.

Manthey gave Plaintiff the inmate grievance forms he requested on some occasions. On other occasions, Manthey refused because the issues Plaintiff complained about "had already been addressed." (Docket #9 at 3–4). Similarly, Durrant and Vergutz sometimes addressed Plaintiff's

concerns regarding his religious diet, but at other times they would deny his request for an inmate grievance form.

Plaintiff noticed that after he filed his grievances with Aramark, his portion sizes began to shrink. He also notes that Aramark has refused to give him nutritional facts and a menu, and Aramark's website does not have a vegan "care package" option for his family to purchase and send to him. Plaintiff seeks monetary damages and an injunction.

### 2.3 Legal Analysis

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

At the outset, the Court must dismiss WCJ as a defendant. A county jail is not a "person" subject to suit under Section 1983. *See Nawrocki v. Racine Cty. Jail*, No. 08-CV-96-BBC, 2008 WL 4417314, at *1 (W.D. Wis. Mar. 7, 2008) ("[A] building is not a proper party to a lawsuit brought under 42 U.S.C. § 1983.").

Next, the Court will dismiss Tim, Gale, Jenny, Lt. Lichtensteiger, and Archer from this action for lack of personal involvement. Liability under Section 1983 is based on a defendant's personal involvement in the constitutional violation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal responsibility requirement of section 1983. . .if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." *Id*. He "must

know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Id*.

Plaintiff alleges no facts at all about Tim, Gale, Jenny, and Lt. Lichtensteiger, including what they did or did not do to violate his constitutional rights. Further, Plaintiff's only allegation against Archer is that Archer delivered a food tray that contained "rice crispies." Plaintiff does not allege that Archer intentionally gave him food that he could not eat, nor does he allege that Archer is an Aramark employee responsible for putting together vegan food trays. Therefore, the Court will dismiss Tim, Gale, Jenny, Lt. Lichtensteiger, and Archer from this action.

The Court now turns to the remaining defendants. The First Amendment protects an inmate's right to the free exercise of religion. *See Thompson v. Holm*, 809 F.3d 376, 380 (7th Cir. 2016). Forcing an inmate to choose between daily nutrition and religious practice is a substantial burden on an inmate's right to exercise religious freedom. *Id*.

Plaintiff states that he needs a vegan diet for religious reasons. He requested a vegan diet on September 21, 2017, and Sgt. Parent, who was in charge of religious diets while CPL Rasmussen was on vacation, did not approve it until five days later. During that time, Plaintiff had to choose between eating food and exercising his religion. Therefore, he may proceed with a First Amendment claim against Parent for the five days he was not able to eat food while awaiting his vegan diet.

Plaintiff also states that the vegan meal trays Aramark provides are inadequate for a variety of reasons. A private corporation can be held liable under Section 1983 for its employees' constitutional violations if an official corporate policy caused the violation. *See Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *Rodriguez v. Plymouth*

*Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The plaintiff must show that an official corporate policy reflects "a conscious choice among alternatives that evinces a deliberate indifference to the rights of the individuals with whom those employees will interact." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012).

Plaintiff may proceed with a claim against Aramark that its employees routinely send religious vegan meal trays containing animal product that he cannot eat. Plaintiff, however, does not have a constitutional right to tasty food, a variety in his food, the most nutritious food, or receiving care packages. *See Reed v. McBride*, 178 F.3d 849, 853–54 (7th Cir. 1999); *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988) (prisoners cannot expect the "amenities, conveniences, and services of a good hotel."). Therefore, Plaintiff may not procced with claims regarding receiving the same food every day, being fed "processed" foods, occasionally getting expired and spoiled food, and not having a care package option for his family to purchase.

Finally, Plaintiff notes that, on different days between September 2017 and January 2018, he asked Manthey, Durrant, and Vergutz for an inmate grievance form to complain about the inadequate food trays he received. Sometimes he received the grievance form he requested and sometimes he did not. Plaintiff appears to imply that Manthey, Durrant, and Vergutz hindered his access to the courts by refusing the provide the grievance forms he requested. The Court will allow Plaintiff to proceed with a claim regarding these facts in another lawsuit he has brought simultaneously with this one. That suit is *Barfell v. Prekop*, Case No. 17-CV-1739-WED-JPS (E.D. Wis.). This lawsuit will be limited to his First

Amendment free exercise of religion claim. Therefore, the Court will dismiss Manthey, Durrant and Vergutz from this action.

**3. Plaintiff's Motion to Consolidate**

Plaintiff asks to consolidate this case with: (1) *Barfell v. Correctional Health Care Companies*, Case No. 17-CV-1365-WED-JPS (E.D. Wis.); and (2) *Barfell v. Prekop*, Case No. 17-CV-1739-WED-JPS (E.D. Wis.) because it will be less costly. *See* (Docket #11). Plaintiff cannot consolidate these lawsuits because they do not share common questions of law and fact. *See* Fed. R. Civ. P. 42(a). Therefore, the Court will deny Plaintiff's motion to consolidate.

**4. Plaintiff's Motion to Appoint Counsel**

Plaintiff also asks for Court-appointed counsel. (Docket #12). In a civil case, the Court has discretion to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). However, the litigant must first make reasonable efforts to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff can satisfy this requirement by providing the Court with: (1) the attorneys' names, (2) the addresses, (3) the date and way the plaintiff attempted to contact them, and (4) the attorneys' responses.

Once the plaintiff makes reasonable attempts to hire counsel, the Court then decides "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696. The Court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Amendment free exercise of religion claim. Therefore, the Court will dismiss Manthey, Durrant and Vergutz from this action.

**3. Plaintiff's Motion to Consolidate**

Plaintiff asks to consolidate this case with: (1) *Barfell v. Correctional Health Care Companies*, Case No. 17-CV-1365-WED-JPS (E.D. Wis.); and (2) *Barfell v. Prekop*, Case No. 17-CV-1739-WED-JPS (E.D. Wis.) because it will be less costly. *See* (Docket #11). Plaintiff cannot consolidate these lawsuits because they do not share common questions of law and fact. *See* Fed. R. Civ. P. 42(a). Therefore, the Court will deny Plaintiff's motion to consolidate.

**4. Plaintiff's Motion to Appoint Counsel**

Plaintiff also asks for Court-appointed counsel. (Docket #12). In a civil case, the Court has discretion to recruit a lawyer for someone who cannot afford one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). However, the litigant must first make reasonable efforts to hire private counsel on his own. *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007). In this district, a plaintiff can satisfy this requirement by providing the Court with: (1) the attorneys' names, (2) the addresses, (3) the date and way the plaintiff attempted to contact them, and (4) the attorneys' responses.

Once the plaintiff makes reasonable attempts to hire counsel, the Court then decides "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696. The Court looks not only at the plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." *Id.*

Plaintiff states that has made "repeated efforts to obtain a lawyer." (Docket #12). He appears to have written out the text of a letter he allegedly sent to attorneys requesting counsel. (Docket #12-1). As discussed above, Plaintiff must prove that he actually attempted to contact lawyers by providing the Court with the following information: (1) the attorneys' names, (2) the addresses, (3) the date and way he attempted to contact them, and (4) the attorneys' responses. Plaintiff has not satisfied this requirement. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Thus, Plaintiff must first do what is required of him before the Court will consider appointing counsel. Therefore, the Court will deny without prejudice Plaintiff's motion for the appointment of counsel.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to proceed without prepayment of the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the agency having custody of plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If plaintiff transfers to another county,

state, or federal institution, the transferring institution shall forward a copy of this order, along with plaintiff's remaining balance, to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined;

**IT IS FURTHER ORDERED** that Plaintiff's motion to consolidate (Docket #11) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Docket #12) be and the same is hereby **DENIED** without prejudice;

**IT IS FURTHER ORDERED** that WCJ, Tim, Gale, Jenny, Lt. Lichtensteiger, Sgt. Manthey, Sgt. Durrant, Deputy Archer and CPI Vergutz be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint and this order on Defendants Aramark and Sgt. Parent under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give plaintiff information on how to remit payment. The court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendants Aramark and Sgt. Parent shall file a responsive pleading to the amended complaint;

**IT IS FURTHER ORDERED** that the Court **RETURNS** this case to Magistrate Judge William E. Duffin for further proceedings;

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions; and

**IT IS FURTHER ORDERED** that Plaintiff to mail all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

Dated at Milwaukee, Wisconsin, this 16th day of April, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge