# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS H. L. BARFELL,

      Plaintiff,

  v.                                                                         Case No. 17-C-1567

ARAMARK CORRECTIONAL SERVICES
and SGT. PARENT,

      Defendants.

## DECISION AND ORDER GRANTING MOTION
## FOR SUMMARY JUDGMENT

      Plaintiff commenced this action on November 8, 2017, claiming that he requested a vegan diet for religious reasons while he was an inmate at the Winnebago County Jail and his request was not approved until five days later. During that 5-day period of time, Plaintiff states he had to choose between eating food and exercising his religion. In an April 16, 2018 screening order, Barfell was allowed to proceed with a First Amendment claim against Aramark, the food contractor for the jail, and Sergeant Raemy Parent, an administrative sergeant who, among other things, served as the religious diet coordinator for the jail.

      Defendants filed a Motion for Summary Judgment on November 16, 2018 and mailed a copy of their motion and supporting papers to Barfell at the Winnebago County Jail, which was the address shown on the docket. On January 2, 2019, Defendants' counsel notified the court that the motion and supporting documents were returned to his office by the postal service as undeliverable. Counsel learned that Barfell was at Dodge Correctional Institution via the Department of Corrections inmate locator, and remailed the documents to Plaintiff at that address on November 21, 2018.

Under the local rule, and as explained in the motions themselves, Barfell was required to file a response to the defendants' motions within 30 days of service. Civil L. R. 56(b)(2); ECF Nos. 42, 47. Furthermore, "[f]ailure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion." Civil L. R. 7(d). For this reason alone, defendants motions can be granted. Upon review of the defendants' motions, including their proposed findings of fact which are uncontroverted, it is also clear that they are entitled to summary judgment on the merits.

It is well established that inmates of jails and correctional institutions retain protections afforded by the First Amendment, "including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). At the same time, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948). "Prison officials may restrict inmate's ability to practice his faith so long as the restriction is reasonably related to a legitimate penological interest." *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009) (citing *Turner v. Safley*, 482 U.S. 78, 89–91 (1987)). In addition to the First Amendment, the right of jail and prison inmates to exercise their religion also receives protection under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a); *Nelson v. Miller*, 570 F.3d 868, 878 (7th Cir. 2009). Barfell alleged that the defendants violated his federal rights by failing to provide him a special diet for five days after he first requested one.

An inmate does not have a right to a special diet just because he wants one, however. *Koger v. Bryan*, 523 F.3d 789, 797 (7th Cir. 2008). "Although RLUIPA bars inquiry into whether a particular belief or practice is central to a prisoner's religion, ... [it] does not preclude inquiry into the sincerity of a prisoner's professed religiosity." *Cutter v. Wilkinson*, 544 U.S. 709, 725 n. 13

(2005) (internal quotation and citation omitted). "Because RLUIPA is a guarantor of sincerely held religious beliefs, it may not be invoked simply to protect any 'way of life, however virtuous and admirable, ... if it is based on purely secular considerations.'" *Koger*, 523 F.3d at 797 (quoting *Wisconsin v. Yoder*, 406 U.S. 205, 215 (1972)). Thus, if an inmate's desire for a non-meat diet was rooted solely in concerns for his bodily health, it would not be protected by RLUIPA, or for that matter, the First Amendment. *Koger*, 523 F.3d at 797.

It is undisputed that Barfell never told the defendants what religion he was seeking to practice. Indeed, there is good reason to question whether his request was motivated by religious belief at all. Barfell was booked into the jail on September 5, 2017. Although he was provided a copy of the Inmate Handbook, which states that all religious diets are approved by the Administrative Jail Sergeant, he made no request for a vegan diet until September 21, 2017. Even then, he failed to identify the religion he sought to practice. Despite several requests, Barfell never did identify the religion he claimed he was practicing. After several attempts to obtain his response, Sergeant Parent approved the special diet for Barfell even though he still had not identified his religion. This was apparently five days after his initial request. Aramark provided its vegan meals to Barfell thereafter.

Because Barfell has not responded to the defendants' motions, their proposed findings of fact are deemed uncontroverted. Those facts conclusively establish that the defendants are entitled to judgment as a matter of law. Despite Barfell's failure to identify his religious belief, Sergeant Parent authorized the vegan meals for him after a delay of only five days. Given these facts, Barfell cannot show that he was entitled to a religious diet or, even if he was, that the five day delay substantially burdened the exercise of his religion. As to Aramark, the undisputed facts establish

3

that it provided Barfell a vegan meal when directed to do so by the jail administrator. The meals provided met the applicable standards. Barfell's claim thus fails.

Accordingly, and for the reasons set for above, the defendants' motions for summary judgment (ECF Nos. 42, 47) are granted and all claims against the defendants are dismissed on their merits and with prejudice. The Clerk is directed to enter judgment forthwith.

**SO ORDERED** at Green Bay, Wisconsin this   29th   day of January, 2019.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court